### GARDNER *against* HUMPHREY.

IN ERROR, from the court of common pleas of *Orange* county. *Humphrey* brought an action of replevin, in the court below, against *Gardner*, " for that *Gardner*, on the 2d *May*, 1811, at the town of *Newburgh*, in the county of *Orange*, within the jurisdiction of the court, in a certain dwelling-house, took the goods and chattels (specifying them) of *Humphrey*, and unjustly detained them," &c.

There was *avowry* by *G.* that *H.* was " his tenant of the dwelling-house in which," &c. and had held it for a year for the rent

*A declaration in replevin must state a place certain within the village or town; but the omission may be cured by the defendant's pleading over. Where the defendant in avowry states the precise house or place,*

the plaintiff may traverse the place in the *avowry*, though not described with certainty in his declaration. But where the plaintiff does not traverse the place in the *avowry*, but joins issue on the *tenancy*, the *locus in quo* is rendered immaterial; and the plaintiff may show the taking of the goods in another place than the house demised, especially where the goods were removed from such house, leaving the rent unpaid, and were seized within 30 days thereafter.

If the plaintiff means to make the place material, he must, in his plea in bar, or replication to the avowry, traverse the taking, in the place alleged, in the *avowry*, and take issue thereon.

of 100 dollars, which was due, and *avowed* that he took the goods, &c. in the dwelling-house, in which, &c. as a distress for the rent, &c. with a verification.

The plaintiff pleaded in bar to the avowry, that he did not hold and enjoy the dwelling-house, in which, &c. as tenant thereof to the defendant, &c. in manner and form, &c. and tendered issue to the country.

At the trial, the defendant, to maintain his avowry, offered to prove that the plaintiff was tenant to the defendant of a certain house in *Colden-street*, in *Newburgh*, for one year, ending the 1st *May*, 1811, at the rent of 100 dollars a year, and that the same rent was due and payable to the defendant on the 1st *May*, 1811, and for which he took the goods of the plaintiff, &c. The counsel for the plaintiff objected to this evidence, unless the defendant would show also that the taking of the goods, &c. was in the house in *Colden-street*, of which the plaintiff was tenant, &c. And it was admitted that the taking of the goods, &c. was in a house of the plaintiff situate in *First-street*, in *Newburgh*, to which the goods had been removed, by the plaintiff, from the house in *Colden-street*, a few days before the 1st *May*, 1811, and before the rent became due and payable. And the court below decided that the place of taking the goods was material, and that the defendant must show that the taking of the goods, &c. was in the house in *Colden-street*, of which the plaintiff was tenant to the defendant, &c. To this opinion the counsel for the defendant tendered a bill of exceptions, because the goods having been taken within 30 days after the rent became due, the place of taking was immaterial, &c.

The jury, under the direction of the court, found a verdict for the plaintiff, that he did not hold and enjoy the said dwelling-house, in which, &c. as tenant, &c. and assessed the damages of the plaintiff, &c. On which the court below gave judgment.

*Fisk*, for the plaintiff in error. He cited 1 *Saund.* 347. n. (1). *Hob.* 16. *Moore,* 678. *Carth.* 373. 2 *Salk.* 569. 6 *Mod.* 1. *Ld. Raym.* 569. 922.

*Ross*, contra, cited 1 *Chitty's Pl.* 364. 1 *Saund.* 347. 5 *Com. Dig. Pl.* 3 K. 4 *Bac. Abr.* 389. 1 *Johns. Rep.* 380. 2 *Johns. Rep.* 446. 8 *Wentw. Pl.* 126. 2 *Saund.* 284. n.

*Per Curiam.* The declaration did not state the place within the town, with any certainty. It was held, in *Read* v. *Hawke*, (*Hob.* 16.) that the declaration in replevin must contain a place certain within the town, or it would be bad on demurrer, but it was there admitted that the defendant might cure this omission by pleading over, and not relying on the exception. Here the defendant in his avowry, states the taking to have been in a place which is apparently consistent with that mentioned in the declaration, but the defendant ascertains the precise dwelling-house intended, by saying it was the one that the plaintiff had occupied as his tenant under a stipulated rent. The plaintiff, in his plea in bar, might, *perhaps,* (though he had not described with any certainty the dwelling-house in his declaration,) have traversed the place in the avowry. This, however, he did not do. He did not join issue on the place, but denied the tenancy or holding under the defendant, and thus rendered the *locus in quo* immaterial. No person would have supposed, from the issue, that if a tenancy existed in a dwelling-house in *Newburgh*, and rent was in arrear, that the avowry would not have been maintained. The plea went to the merits, but the place is not of the merits, for if the goods be removed, "leaving the rent unpaid," they may be seized anywhere within 30 days thereafter. (Sess. 11. c. 37. s. 13.) It was said by *Brian* and *Starkey*, in 22 *Edw.* IV. 51. a. that if the defendant avow in one place, and the plaintiff say the taking was in another place, and name it, he must traverse the taking in the place in the avowry. If the plaintiff means to make the place material, he must do so in his plea in bar, or replication to the avowry, and join issue upon the place, and so are the precedents. (*Rastall,* 554, 555, 556.) It was, therefore, sufficient, upon the trial of this cause, for the avowant to have proved what he offered to prove, without going farther, and showing that the distress was made in the very house so demised. The place of the taking was not the point on which issue was joined. The plaintiff had admitted the taking to be where the avowant had alleged it, and had only put in issue the fact of the tenancy.

The judgment below must be reversed, and the plaintiff in error, is at liberty to have the record remitted, or a *venire de novo* awarded at the *Orange* circuit.

Judgment reversed.